UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUANDELL HICKMAN,

               Plaintiff,

-against-

NYCPD PCT 030; DETECTIVE CALDERON; TD 3,

               Defendants.

24-CV-1752 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who currently is detained at the Eric M. Taylor Center on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. The Court construes the complaint as asserting claims for false arrest and malicious prosecution. Named as Defendants are the 30th Precinct of the New York City Police Department ("NYPD"), NYPD Detective Calderon, and "TD 3." (*See* ECF 1, at 4.) By order dated March 26, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff states that the events giving rise to his claims occurred between June 3, 2021 and February 2, 2024, at the "110th Street 2 & 3 train." (ECF 1, at 5.) Plaintiff alleges,

> The NYCPD failed at they duties to investigate before prosecution[.] They literally made up a crime[,] edited videos to fit the story and promoted a negative and false narrative never question no real witness or other people involved in case

or situation even after they are on camera stealing from the person[.] The[y] literally ruined my life for nothing[.] I was violently attacked with a guitar, book bag and my dog on leash in my hand on camera[.] Person approached me and attacked me! [A]nd tried to throw my off both sides of tracks!

(*Id.*)[2]

Plaintiff describes his injuries as, "Physical[,] mental[,] emotionally stressed[,] sanity, panick attacks[,] PTSD[,] fear for life lost, false arrest, assault, broken bones, abused[,] sexual assaulted, hum[ilated] on news[,] discrimination of character[.]" (*Id.* at 6.)

Plaintiff seeks $1 billion in damages and asks to have "everyone arrested and charged to the highest extent of the law[.]" (*Id.*)

## DISCUSSION

Plaintiff's constitutional claims arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**A.     Claims Against the NYPD's 30th Precinct**

Plaintiff's claims against the NYPD's 30th Precinct must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original.

generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the NYPD's 30th Precinct. *See* N.Y. City Charter ch. 17, § 396.

It may be Plaintiff's intention to assert claims against the City of New York. When a plaintiff sues a municipality under Section 1983, however, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights.[3] *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff only alleges facts regarding the criminal case in which he is a defendant. He alleges no facts suggesting that the City of New York has a policy, practice, or custom that

---

[3] A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 161, 276-77 (S.D.N.Y. 2010) (citations omitted).

caused a violation of his constitutional rights. The Court therefore dismisses any claims Plaintiff may be asserting against the City of New York for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  **Malicious Prosecution Claims**

Plaintiff's allegations that the NYPD failed to investigate before prosecuting him, "made up a crime," "edited videos," and "promoted a negative and false narrative" suggest that he may be asserting a claim for malicious prosecution. (*See* ECF 1, at 5.) The tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Such a claim does not accrue until there is a favorable termination of the plaintiff's criminal proceedings.[4] *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994).

---

[4] "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 39 (2022); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (italics in original); *Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

According to public records maintained by the New York State Unified Court System, Plaintiff was arrested on November 19, 2021, and charged with assault with a weapon and criminal possession of a weapon in connection with a June 3, 2021 incident.[5] *See People v. Hickman*, IND-70976-22/001 (New York Sup. Crim. Ct.). Those criminal proceedings are ongoing. Because Plaintiff's criminal proceedings are ongoing, his claim of malicious prosecution has not yet accrued. *See Heck*, 512 U.S. at 489 ("[A] cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor."); *Beckett v. Inc. Vill. of Freeport*, No. 11-CV-2163, 2014 WL 1330557, at *2 (E.D.N.Y. Mar. 31, 2014) ("It is axiomatic that . . . a claim for malicious prosecution does not arise until the underlying charges are dismissed in the plaintiff's favor."); *see also Thompson v. Rovella*, 734 F. App'x 787, 789 (2d Cir. 2018) ("'[T]he prosecution terminates in the plaintiff's favor,' . . . when 'the prosecution against the plaintiff has conclusively ended,' such that 'the underlying indictment or criminal information has been vacated and cannot be revived.'" (quoting *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017)); *Sanders v. Simonovic*, No. 19-CV-5525 (LJL), 2021 WL 707060, at *5 (S.D.N.Y. Feb. 23, 2021) ("A 'favorable termination' does not occur until the prosecution against the plaintiff has 'conclusively' ended.").[6]

Accordingly, the Court dismisses Plaintiff's claims of malicious prosecution under Section 1983 as premature. *See Heck*, 512 U.S. at 489. These claims are dismissed without

---

determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . ." (footnote omitted)).

[5] Plaintiff appears to be referring to the same underlying events in this action as he alleges that the events giving rise to his claims here also occurred on June 3, 2021. (*See* ECF 1, at 5.)

[6] Even if the Court assumes that Plaintiff's claims here arise from a different criminal proceeding than the case noted above, he has not alleged that those proceedings have terminated in his favor or that any conviction has been invalidated or otherwise overturned.

prejudice to Plaintiff's assertion of these claims again, in a separate civil action, if his criminal proceedings terminate in his favor or, if he is convicted, his conviction is invalidated or otherwise overturned.

### C.     Fabricated Evidence Claims

The Court construes Plaintiff's allegations that Defendants "made up a crime" and "edited videos" as possibly attempting to assert a fair-trial claim based on fabrication of evidence.[7] (*See* ECF 1, at 5.) "To state a fair trial claim based on fabricated evidence, a plaintiff must allege that 'an (1) investigating official (2) fabricat[ed] information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result.'" *Hincapie v. City of New York*, 434 F. Supp. 3d 61, 75 (S.D.N.Y. Jan. 22, 2020) (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 280 (2d Cir. 2016)). However, "[t]here is not a complete and present cause of action to bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are ongoing." *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019) (internal quotation marks and citation omitted).[8] Because it appears that the criminal proceedings giving rise to Plaintiff's fabricated-evidence claims are ongoing, he has not stated a viable claim for fabricated evidence. Accordingly, the Court dismisses Plaintiff's fair-trial claims regarding fabricated evidence as

---

[7] The claim of denial of the right to a fair trial due to fabricated evidence is rooted in the Sixth Amendment and the Due Process clauses of the Fifth and Fourteenth Amendments. *See Holbrook v. Flynn*, 475 U.S. 560 (1986).

[8] A claim for fabricated evidence may also require a showing of favorable termination. *See McDonough*, 139 S. Ct. at 2156-59 (discussing favorable termination requirement in fabrication of evidence claims); *Kayo v. Mertz*, 531 F. Supp. 3d 774, 801 (S.D.N.Y. Mar. 31, 2021) (noting that "most courts in this Circuit read McDonough to require favorable termination in fair trial claims that allege a deprivation of liberty resulting from the use of fabricated evidence in a criminal proceeding" (collecting cases) (internal citation and quotation marks omitted)).

premature. *See McDonough*, 139 S. Ct. at 2158. These claims are dismissed without prejudice to Plaintiff's assertion of these claims again, in a separate civil action, after his ongoing criminal proceedings have terminated.

**D.  Criminal Claims**

Plaintiff asks the Court to have "everyone arrested and charged." (ECF 1, at 6.) However, Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff or the Court direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses any claims seeking criminal prosecution for failure to state a claim on which relief may be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

**E.  State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**F.     Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment at this time, the Court declines to grant Plaintiff leave to amend his complaint. As noted above, however, Plaintiff's claims for malicious prosecution and fabricated evidence are dismissed without prejudice to Plaintiff's assertion of these claims in a new civil action after his ongoing criminal proceedings have terminated.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's claims for malicious prosecution and fabricated evidence are dismissed without prejudice to Plaintiff's assertion of these claims in a new civil action after his ongoing criminal proceedings have terminated.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgement in this action.

SO ORDERED.

Dated:   April 22, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                       Chief United States District Judge